## MARSHALL v. INDUSTRIAL FEDERATION OF AMERICA.

### (Supreme Court, Appellate Term. November 18, 1903.)

1. CORPORATIONS—EXECUTIVE COMMITTEE—QUORUM.
   In the absence of evidence as to the number of members necessary to constitute a quorum of the executive committee of a corporation, a majority is to be deemed sufficient.

2. SAME—AUTHORITY OF COMMITTEE—COMPENSATION
   In the absence of authority in the certificate of incorporation or by-laws the members of the executive committee of a corporation have no authority to vote themselves compensation for attending meetings of the committee.

Appeal from Municipal Court of City of New York.

Action by Charles C. Marshall against the Industrial Federation of America. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

John M. Harrington, for appellant.
L. M. Berkeley, for respondent.

BLANCHARD, J. The plaintiff sues as assignee to recover for services rendered by his assignor as member of the executive committee of the defendant for an agreed sum of $5 for attending each of the meetings of the executive committee. It appears that at a meeting of such executive committee held July 9, 1901, the minutes reciting that 10 members thereof being present, the committee consisting of 15 members, the following resolution was adopted:

"Motion was made and seconded that all members of the executive committee be compensated at the rate of five dollars ($5.00) for attendance at each meeting, past and future. Carried."

There appears nothing in the by-laws, or in the evidence in the case, showing the number of the executive committee necessary to constitute a quorum, and therefore a majority will be sufficient. Cadmus v. Farr, 47 N. J. Law, 208, 216, and cases there cited. There exists no specific authority, either in the by-laws or in the certificate of incorporation of the defendant company, authorizing the executive committee to vote itself compensation for services performed or to be performed. It is true that the executive committee may exercise such powers and do such things as may be exercised or done by the corporation, and, were it not that the nature of the resolution is fundamentally wrong, or its character is such as to permit a trustee to profit at the expense of his cestui que trust, we should be in-

¶ 1. See Corporations, vol. 12, Cent. Dig. § 1302.

clined to hold that the plaintiff would be entitled to recover. The principle is too well settled to permit argument that a director is a trustee for the benefit of the stockholders of the corporation, and, as such, cannot benefit at the expense of the corporation. Such being the case, each one of the members of the executive committee was an interested party in the resolution adopted, and therefore his vote was disqualified, and consequently the resolution was void, as all interested votes thus cast must be excluded in counting a quorum. Butts v. Wood, 37 N. Y. 318; Copeland v. Johnson Mfg. Co., 47 Hun, 236; Met. Elevated Railway Co. v. Manhattan Elevated Co., 11 Daly, 522; Prince Mfg. Co. v. Prince's Metallic Paint Co. (Sup.) 20 N. Y. Supp. 467. The resolution adopted was never adopted or ratified by the stockholders, and consequently we must conclude that it was an illegal exercise of authority on the part of members of the executive committee, in the absence of any express statutory authority for the action taken. If this were not the case, and the action of the executive committee legal, it might be fraught with very serious consequences to the corporation; for, instead of voting themselves $5 for each meeting, they might vote themselves $100, in fact divide the assets of the corporation among themselves as compensation, if they saw fit to so designate it, for service performed or to be performed. As was said in the case of Fitchett v. Murphy, 46 App. Div. 181, 185, 61 N. Y. Supp. 182, 184:

"The director of the corporation had no right to vote salaries to one another as a mere incident of their office, as it was done here."

Such is likewise the rule in New Jersey where this defendant had its domicile. Kelsey v. N. E. Street Railway Co., 62 N. J. Eq. 742–744, 48 Atl. 1001, 1002. In that case the court uses this most appropriate language:

"The members of the committee, being themselves directors of the company, as well as representatives of the board of directors, occupied a fiduciary position in which they are practically to be regarded as trustees for the stockholders cestui que trust. [Case cited.] Acting in this capacity, they were not at liberty to use their power of bargaining for the corporation so as to secure for themselves an exclusive personal benefit."

The trial court having found for the defendant, we conclude that the judgment was correct. It should accordingly be affirmed, with costs. All concur.